**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| DONALD OKADA<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MARK WHITEHEAD<br><br>　　　　　Defendant. | Case No. 8:15-CV-01449-JLS (KESx)<br><br>Judge: Josephine L. Staton<br>Mag. Judge: Karen E. Scott<br><br>**ORDER APPOINTING RECEIVER AND ENJOINING INTERFERENCE WITH RECEIVER'S DUTIES** |
| And all related counterclaims. | |

On April 4, 2017, the Court granted Plaintiff Donald Okada's request for the appointment of a receiver, and further held that the receiver "will have the ability to seek an ancillary appointment or employ other legal processes in the Dominican Republic as necessary and appropriate to carry out his or her duties." (Findings of Fact and Conclusions of Law (ECF No. 270) ¶¶ 56-60.) The Court now issues the following order and injunction regarding the appointment of a receiver:

1. A. Kyle Everett, (the "Receiver") shall be appointed as Receiver to take possession, custody, and control of Rockford Investment, Inc. ("Rockford") a Belize corporation whose legal title is held by Donald Okada, and all of its assets, tangible and intangible, wherever located. Such assets include, but are not limited to, its Dominican Republic holding companies known as SHR SOLAR 24, S.a.r.l., SHR SOLAR 134, S.a.r.l., SHR SOLAR 135, S.a.r.l., SHR SOLAR 136, S.a.r.l, and SHR SOLAR 137 S.a.r.l., (collectively, the "SHR SOLAR COMPANIES") and its assets. Such assets of the SHR SOLAR COMPANIES include the real property assets located at Seahorse Ranch, Puerto Plata, Dominican Republic with the lot numbers: Parcels 1-Ref-6-Ref of Cadastral District (C.D.) No. 2, Puerto Plata, 1-Reform-6-Reform-A-24, C.D. No. 2, Parcel 1-Ref-6-Ref, C.D. No. 2, Puerto Plata, Parcel 1-Ref-6-Reform-D-4, C.D. No. 2, Puerto Plata, Parcel 1-Ref-6-Reform-D2, C.D. No. 2, Puerto Plata, Parcel 1-Ref-6-Reform-D-3, C.D. No. 2, Puerto Plata (collectively, such real property assets referred to as "Lions Gate").

2. Before performing his duties, the Receiver shall execute a receiver's oath and file a surety bond in the sum of $50,000 conditioned upon the faithful performance of the Receiver's duties.

3. The Receiver, including members of his firm, shall charge no more than $580 per hour for their services. The Receiver shall not be reimbursed for his general office administration expenses or overhead, including but not limited to office supplies, employee payroll, benefits, and taxes of the Receiver.

4.	All discretionary powers granted to the Receiver in this Order may be exercised by him without further order of this Court.

5.	Any risks or obligations incurred by the Receiver in his fulfillment of his responsibilities enumerated in this Order shall not be the personal risk or obligation of the Receiver, but shall be a risk or obligation of Rockford, the SHR SOLAR Companies, and Lions Gate.

6.	The Receiver is authorized and empowered to execute and prepare all documents (including any necessary tax filings in the Dominican Republic), and to perform all acts he deems to be reasonable and necessary to fulfill his responsibilities enumerated in this Order as well as utilize the tax identification number of Rockford or the SHR SOLAR COMPANIES for any lawful purposes. The Receiver also has the discretion to engage legal counsel in the United States, under rates that are reasonable and customary for the work performed, to assist the Receiver in fulfilling his responsibilities under this Order.

7.	The Receiver shall be solely responsible for management and administration of the ongoing rentals of Lions Gate.  In connection with this responsibility, the Receiver shall take possession, custody, and control of all accounts, books, and records relating to the rental of Lions Gate, including all bank account(s) to which rental income are deposited and all website accounts on which rentals are facilitated, including but not limited to Homeaway.com and VRBO.com (the "Bank Accounts").  Should the Receiver not obtain or lose access to the Bank Accounts for any reason and at any time, the Receiver has the discretion to open a new bank account for the benefit of Rockford (the "New Account").

8.	Homeaway.com Inc. is hereby directed to immediately transfer control of Homeaway.com / VRBO listing no. 624377 to the Receiver upon service of this Order and to transfer control of any other subsequently-created accounts featuring the listing of Lions Gate.  The Receiver shall be solely responsible for collecting all rent or other income relating to the rental of Lions Gate.  The receiver has the

discretion to engage any property management professionals located in the Dominican Republic, including Sea Horse Ranch, to assist in rentals of Lions Gate. The Receiver shall have the discretion to honor or cancel all existing rental reservations for Lions Gate, or accept new reservations.

9. The Receiver shall be solely responsible for maintenance, upkeep, and other related expenses of Lions Gate. The receiver has the discretion to engage any property management professionals located in the Dominican Republic, including Sea Horse Ranch and the existing staff of Lions Gate, to assist in maintenance and upkeep of Lions Gate.

10. The Receiver has the discretion to employ whatever measures he deems reasonable and necessary, and execute any and all documents, to effect the sale of Lions Gate to any third party. The Receiver has the discretion to engage the services of any real estate professional located in the Dominican Republic, such as Sotheby's International Realty, to assist in the sale of Lions Gate to any third party. The Receiver also has the discretion to engage any legal counsel in the Dominican Republic, such as Rowan Medina of Russin, Vechi & Heredia Bonetti, Plaza Turisol, No. 11-A, P.O., Box 650, Puerto Plata, Dominican Republic, 1-809-586-5535, under rates that are reasonable and customary for the work performed, to assist in the sale of Lions Gate to any third party and to help ascertain and facilitate payment of any taxes or fees arising from that sale, including any taxes or fees owed by Rockford or any of the SHR SOLAR Companies.

11. The Receiver has the discretion to sell Rockford and/or the SHR SOLAR Companies if, in his best judgment, such a transaction is reasonably necessary to effect the sale or transfer of Lions Gate for monetary consideration.

12. The Receiver has the discretion to sell Lions Gate, or Rockford and/or the SHR SOLAR Companies, in a private sale to a third party, if the proposed sale price is at least $2.5 million USD. The Receiver may also engage in such a private sale, on any terms, with the written consent of both Donald Okada and Mark

- 3 -

Whitehead.  The requirements of Local Rule 66-7(b) do not apply to either scenario.  The Receiver shall also notify the parties upon receipt of any offers for a private sale at any price, and either party may bring an *ex parte* motion to obtain Court approval for a private sale at a sales price that is less than $2.5 million USD, or the receiver may bring a petition under Local Rule 66-7(b) to obtain confirmation for such a proposed private sale.

13. If the Receiver is unable to sell Lions Gate, or Rockford and/or the SHR SOLAR Companies under the conditions described in paragraph 12 within 90 days following entry of this Order, then the Receiver shall take the necessary steps to effect the sale of Lions Gate by a public auction to the highest available bidder. The Receiver shall have the discretion to engage any professional to facilitate the public auction of Lions Gate.  The requirements of Local Rule 66-7(b) do not apply to the public auction of Lions Gate.

14. The Receiver shall deposit all funds received from the sale of Lions Gate, or Rockford and/or the SHR SOLAR Companies, into the Bank Accounts (or the New Account if necessary) and use such funds to pay (i) any outstanding court-approved fees owed to the Receiver, or any United States-based legal counsel assisting the Receiver, for his services, (ii) any fees and expenses owed to third parties engaged by the Receiver as permitted under this Order, and (iii) any taxes and fees owed by Rockford, the SHR SOLAR Companies, or Lions Gate to the government of the Dominican Republic arising from the sale of the aforementioned asset(s).  The Receiver may also hold in reserve an amount of funds sufficient to pay the estimated amount of fees that the Receiver, or any United States-based legal counsel assisting the Receiver, will seek in their final fee application to the Court pursuant to Local Rule 66-7(f).

15. Following the Receiver's disbursement of funds from the Bank Accounts (or the New Account) in accordance with paragraph 14, the Receiver shall disburse all funds from the Bank Account to Donald Okada c/o Randolph

Gaw, Esq., Gaw | Poe LLP, until the following are satisfied (i) the $950,000 promissory note plus simple interest accruing at a rate of 2% per annum from July 31, 2014 owed by Mark Whitehead to Donald Okada and (ii) the entirety of the Judgment issued in this action.

16. After the Receiver has disbursed funds in accordance with Paragraphs 14 and 15, he shall disburse all remaining funds to Mark Whitehead c/o James Bryant, Esq., The Cochran Law Firm.

17. The Receiver's initial retainer of $15,000 shall be paid from the Bank Accounts. Any United States-based legal counsel assisting the Receiver shall also have his initial retainer, which shall be reasonable and customary for the work to be performed, paid from the Bank Accounts. All subsequently accrued fees of the Receiver, and any United States-based legal counsel assisting the Receiver, shall also be paid from the Bank Accounts (or the New Account) upon proper application to the Court in accordance with Local Rule 66-7(f).

18. All expenses related to the Receiver's management of Lions Gate, including fees and expenses paid to third parties engaged by the Receiver, shall also be paid from the Bank Accounts and the Receiver shall have the discretion to pay any such expenses that he deems to be reasonable and necessary. The requirements of Local Rule 66-7(f) do not apply to such third parties, including any attorneys based in the Dominican Republic. Any excess funds shall be held in deposit in the Bank Accounts except as further directed by the Court in this Order.

19. It is expected that prior to the sale of Lions Gate, all payments and disbursements made by the Receiver from the Bank Accounts (or the New Account) shall come from the rental income generated from Lions Gate. In the event there are insufficient funds for the Receiver to make the necessary payments and disbursements, the Receiver may borrow funds on behalf of Rockford, the SHR SOLAR Companies, or Lions Gate from the bank or other lender through Receiver Certificates, as the Receiver shall consider necessary or appropriate and to grant

additional security therefore, without further order of this Court, at such interest rate or rates as shall be agreed to by the Receiver, as the Receiver reasonably deems necessary, reasonable, or appropriate to the performance of his duties and the exercise of his rights under this Order; and to issue certificates of indebtedness to a lender for funds borrowed, which certificates of indebtedness shall have priority over all other general claims against Rockford, the SHR SOLAR COMPANIES, or Lions Gate; and to enter into security agreements encumbering Rockford, the SHR SOLAR COMPANIES, or Lions Gate as security for the current and future financial obligations of Rockford, the SHR SOLAR Companies, or Lions Gate, and to repay all such obligations.

20. Donald Okada and Mark Whitehead are ordered to execute and prepare all documents, and to perform all acts asked of them by the Receiver, including any acts needed to (i) facilitate the sale of Lions Gate, or Rockford and/or the SHR SOLAR Companies, (ii) determine and pay any taxes and fees owed by Rockford, the SHR SOLAR Companies, or Lions Gate to the government of the Dominican Republic arising from the sale of the aforementioned asset(s), (iii) facilitate the ongoing or future rentals of Lions Gate, and (iv) facilitate the maintenance and upkeep of Lions Gate.

21. In addition, within 14 days of entry of this Order, Mark Whitehead shall transfer all documents and website accounts relating to the rentals of Lions Gate (as described in paragraphs 7 and 8), or the management, maintenance, or upkeep of that property (as described in paragraph 9) to the Receiver.

22. Also, within 30 days of entry of this Order, Mark Whitehead and all of his family members, employees, co-workers, associates, agents and anyone working in concert with him, shall vacate Lions Gate and shall not make any further attempts to occupy or reside in Lions Gate without the express written consent of Donald Okada.

23. Mark Whitehead is enjoined from any attempts to sell or transfer Rockford, the SHR SOLAR Companies, and Lions Gate. Any inquiries or contacts received by Mark Whitehead regarding the sale of Rockford or any of its assets must be promptly disclosed by him to the Receiver.

24. The Receiver shall promptly provide notice to the Court if either party has not complied with the requirements of the Order. Either party may also provide such notice to the Court or may bring a noticed motion for contempt of Court.

25. Within six months of appointment, the Receiver shall serve and file with the Court a report stating, under penalty of perjury: (i) the receipts and expenditures of the Receivership and (ii) all acts and transactions performed in the receivership. A final report shall also be prepared by the Receiver in conjunction with his application for discharge from the Receivership.

26. The Parties hereto or the Receiver may at any time apply to this Court for further or other instructions and for further powers necessary to enable the Receiver to perform his duties properly.

27. The Court shall retain jurisdiction over this action for the purpose of implementing, modifying, and/or carrying out the terms of this Order, and to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

**IT IS SO ORDERED.**

Dated: April 17, 2017

_____
Hon. Josephine L. Staton
United States District Court Judge