RANDOLPH GAW (S.B. #223718)
rgaw@gawpoe.com
MARK POE (S.B. #223714)
mpoe@gawpoe.com
VICTOR MENG (S.B. #254102)
vmeng@gawpoe.com
GAW | POE LLP
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Telephone: (415) 766-7451
Facsimile: (415) 737-0642

Attorneys for Plaintiff and Counter-defendant Donald Okada

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

DONALD OKADA

Plaintiff,

v.

MARK WHITEHEAD

Defendant.

Case No. 8:15-CV-01449-JLS (KESX)

**DECLARATION OF RANDOLPH GAW IN SUPPORT OF PLAINTIFF DONALD OKADA'S MOTION FOR ATTORNEY'S FEES AND EXPENSES**

Judge: Hon. Josephine L. Staton
Courtroom: Courtroom 10A
Date: May 26, 2017
Time: 2:30 p.m.

I, Randolph Gaw, declare:

1. I am a partner at the law firm Gaw | Poe LLP ("Gaw | Poe") and counsel of record for plaintiff Donald Okada in this action. I submit this declaration in support of Okada's Motion for Attorney's Fees and Expenses in the above-captioned matter. I have personal knowledge of the matters stated herein except as otherwise stated and, if called as a witness, I could and would testify competently thereto.

2. Gaw | Poe has been counsel of record for Okada in this action since its inception and was responsible for all aspects of litigation. The firm was compensated on an hourly basis for services rendered in this litigation, at a discounted rate of $350 per hour for me and $300 per hour for Victor Meng.

3. Okada was also represented in this action by counsel in the Dominican Republic from the law firm DMK Lawyers | Central Law ("DMK Lawyers").

**Gaw | Poe Background and Experience**

4. The attorneys from Gaw | Poe who worked on this case were me and Mr. Meng, with some limited assistance from my partner Mark Poe.

5. I have been a partner at Gaw | Poe since its inception. I received my J.D. in 2002 from Stanford Law School. Before co-founding Gaw | Poe, I was the founder of The Gaw Group, a successful solo law practice representing clients in commercial, financial services and intellectual property litigation. I started The Gaw Group after spending more than ten years of litigation practice at international law firms O'Melveny & Myers and Wilson Sonsini Goodrich & Rosati, where I successfully represented clients in appellate litigation, commercial litigation, arbitration, trade secrets litigation, securities litigation and class actions. My clients have prevailed at trial or on appeal in matters collectively approaching $4 billion. Attached as **Exhibit 1** are true and correct copies of my biography found at http://www.gawpoe.com/profiles/randolph-gaw/, and my Attorney Profile on the Super Lawyers website, available at

http://profiles.superlawyers.com/californianorthern/sanfrancisco/lawyer/randolphgaw/f7518c1430604fe0a40b2813845e290d.html (last accessed Dec. 5, 2016).

6. And even prior to founding Gaw | Poe, I helped to obtain significant results for my clients. For example, in 2012, I represented Ford Motor Company in a successful appeal vacating and remanding a $2 billion state court class action judgment and trial verdict in a breach of contract lawsuit concerning its franchise agreements with heavy and medium truck dealers. In 2009-10, I defended a Fortune 500 homebuilder, Lennar Corporation, in an 11-month bench trial in California state court over $200 million in claims of improper accounting and mismanagement regarding the development of one of the premier master-planned communities in San Diego County. The trial court issued judgment in favor of the client on all counts and ordered the plaintiff to pay tens of millions of dollars in attorney's fees and counter-claims. In 2008, I represented a publicly traded software developer, NDS Group Plc. in a $1.6 billion trade secrets litigation concerning satellite television technology. Following a 5-week jury trial in federal court, the client prevailed on 25 of 29 claims and was ordered to pay only $1,500 on the remaining four claims. The client was also subsequently awarded attorney's fees of nearly $18 million. The verdict was named one of the "Top Ten Defense Verdicts of 2008" by The Daily Journal.

7. I began working on this case at its inception. I developed and executed the litigation strategy and managed all aspects of the case's pre-trial proceedings, including drafting the pleadings, responding to or preparing pre-trial motions and briefing, discovery, and factual and legal research. As lead trial counsel, I prepared our trial strategy and execution plans, took and defended depositions, drafted witness examinations, attended and argued every court hearing, prepared witnesses, conducted examinations and cross-examinations, and drafted pre- and post-trial motions and other filings, authored the jury instructions, among other tasks.

8. Mr. Meng joined Gaw | Poe in September 2015 as Of Counsel and became Partner in 2017. He graduated from Loyola Law School, cum laude, in 2007. From 2007-2014, Mr. Meng was an associate in the litigation department of Morrison & Foerster LLP, where he represented companies and their directors and officers in securities class actions and shareholder derivative suits, and financial institutions in actions challenging foreclosure and loan modification practices. While in law school, he served as a judicial extern for the Honorable Dean D. Pregerson at the United States District Court for the Central District of California. Attached as **Exhibit 2** is a true and correct copy of Mr. Meng's biography found at http://www.gawpoe.com/profiles/victor-meng/.

9. Mr. Meng began working on this case in September 2016. Mr. Meng helped prepare for and conduct trial by, among other things, deposing expert witnesses on Dominican Republic labor law issues, presenting the opening statement, drafting motions and various pre- and post-trial filings, and preparing and managing exhibits.

10. Though Gaw | Poe was founded only back in June 2014, it has already obtained significant results for its clients. In March 2016, Gaw | Poe obtained a $44.4 million jury verdict (albeit reduced to a final judgment of $12.5 million) in favor of its plaintiff client in the matter of *Trendsettah USA, Inc. v. Swisher International, Inc.*, No. 8:14-CV-01664-JVS-DFM (C.D. Cal.). In October 2015, Gaw | Poe won an $11.3 million arbitration award for a breach of contract claim on behalf of its plaintiff clients, which award was confirmed by the district court in *Barranco v. 3D Systems, Inc.*, No. 3:14-CV-188-RJC-DSC (W.D.N.C.). In August 2015, following a jury trial in *Tierney v. Javaid*, No. CGC-13-531997 (San Francisco Sup. Ct.), we won judgment on all counts in favor of our client over disputed ownership of a piece of real estate permitted for a $30 million residential development, and obtained an attorney's fees award of nearly $1 million for the defendant. In April 2015, Gaw | Poe also obtained a judgment of approximately

$218,000 in favor of its plaintiff client in the matter of *Diya TV, Inc. v. KAXT, LLC*, No. 113-CV-134230 (Santa Clara Cty. Sup. Ct.) following a bench trial. Gaw | Poe has also obtained approximately $15 million dollars in settlements on behalf of its clients in other matters that are subject to confidentiality agreements.

**Attorney Time and Rates**

11. Both Gaw | Poe and DMK Lawyers were compensated on an hourly basis for services rendered in this litigation. The following table identifies the attorneys that billed time for representing Okada in this matter, along with their titles, their law school background, and standard billing rates.

| Name | Title | Law School (Year) | Rate |
|---|---|---|---|
| **Gaw \| Poe** | | | |
| Randolph Gaw | Partner | Stanford Law School (2002) | $650 |
| Mark Poe | Partner | Stanford Law School (2002) | $650 |
| Victor Meng | Of Counsel | Loyola Law School (2007) | $550 |
| **DMK Lawyers** | | | |
| Enrique De Marchena Kaluche | Managing Partner | Pedro Henriquez Ureña National University (UNPHU) (1984) | $350 |
| Nelson Jáquez | Partner | Pontificia Universidad Catolica Madre y Maestra (PUCMM) (2007) | $250 |
| Llilda Solano | Partner | Pontificia Universidad Católica Madre y Maestra (PUCMM) (1993) | $300 |
| Deydania Comas | Associate | Pontificia Universidad Católica Madre y Maestra (PUCMM) (2008) | $225 |
| Samir A. Mateo Coradín | Associate | Santo Domingo Independent University (UASD) (2011) | $225 |
| Fernando Abreau | Associate | Pontificia Universidad Católica Madre y Maestra (PUCMM) | $200 |

12. Gaw | Poe uses billing software to track the time spent by each of its attorneys on the firm's matters. Based on conversations with Enrique De Marchena, I understand that DMK Lawyers also uses similar billing software to track the time spent by each of its attorneys. I have reviewed the records generated by both firm's billing software to assist me in preparing this declaration. Based on those records, it is my understanding that since inception of this litigation through March 31, 2017, the total number of hours expended on this litigation by attorneys at Gaw | Poe and DMK Lawyers has been 1,690.95 hours.

13. Attached as **Exhibit 3** is a summary table of the hours spent by each attorney and the legal fees charged to Okada in this matter by Gaw | Poe and DMK Lawyers.

14. Attached as **Exhibit 4** are true and correct copies of Gaw | Poe invoices issued to Okada. The invoices contain: (1) contemporaneous daily time records for all attorneys detailing work performed in this action; (2) itemized expenses; and (3) documentation supporting the major itemized expenses. Portions of Exhibit 4 are being filed under seal due to the confidential nature of the attorneys' daily time records.

15. Attached as **Exhibit 5** is a spreadsheet that details the daily hours spent by attorneys at Gaw | Poe and DMK Lawyers on this matter. The information contained in Exhibit 5 was derived from the Gaw | Poe invoices attached as Exhibit 4, and the DMK Lawyers invoices attached to the declaration of Mr. De Marchena filed in support of Okada's Motion for Attorney's Fees and Expenses. Portions of Exhibit 5 are being filed under seal due to the confidential nature of the attorneys' daily time records.

**<u>Prevailing Hourly Rates in Los Angeles</u>**

16. I understand that the Wolters Kluwer company started publishing the TyMetrix/LegalVIEW actual "anonymized" billing data in 2012. The most recent iteration is what they label the "2015 Real Rate Report Snapshot." It includes more

than $9.8 billion in fees billed and paid for legal services during the three-year period from 2012 to 2014. The entire 182 page 2015 Real Rate Report is attached as **Exhibit 6**. The explanation of the data is contained in pages 4 to 7, and at pages 171 to 182. The data is grouped into Medians and Quartiles. Medians are the middle value of a set of numbers. The First Quartile is the midpoint or median between the lowest number and the Median. The Third Quartile is the midpoint or median between the overall Median and the highest number. Thus the "Third Quartile" is not the very highest number in the data, but is a somewhat lower number.

17. The data is also assembled by type of legal work. Contract litigation is included in the Commercial basket of data according to page 178 of the Report. The rates identified for commercial litigation is collected and shown at pages 14, 29 and 74. For ease of reference, here is a table showing those rates from **Exhibit 6**:

| Practice Area | City | Median | Third Quartile | Source |
|---|---|---|---|---|
| Commercial | Los Angeles, CA | $600.00 | $800.00 | Ex. 4 at 74 |
| Litigation | Los Angeles, CA | $510.00 | $744.00 | Ex. 4 at 29 |

18. The National Law Journal conducts an annual survey of the billing rates for partners and associates at nation's largest law firms. According to the NLJ's article *Billing Rates Across the Country*, dated January 13, 2014, the average hourly rates for partners range from $230 to $1,800 per hour, and the average hourly rates for associates range from $135 to $670 per hour. Copies of the NLJ's article is available for purchase, but is available for free online at http://www.nationallawjournal.com/id=1202636785489/Billing-Rates-Across-the-Country?slreturn=20150019135258 (last visited on April 10, 2017).

19. Attached as **Exhibit 7-9** are true and correct copies of law firm billing surveys for the years 2012 to 2014 published by the National Law Journal, downloaded from the Central District of California's Electronic Document Filing System, in a case entitled *Universal Electronics Inc. v. Universal Remote Control*

*Inc.*, No. 8:12-cv-00329-AG-JPR, filed on March 24, 2015, Dkt. 502-3 at 83, 86, and 88.

20. Attached as **Exhibit 10** is a true and correct copy of the article entitled *$1,000 Per Hour Isn't Rare Anymore; Nominal Billing Levels Rise, But Discounts Ease Blow*, by Karen Sloan, from the NLJ Billing Survey, dated Jan. 13, 2014, downloaded from the Southern District of New York's Electronic Document Filing System, in a case entitled *In re: NYC Bus Tour Antitrust Litigation*, No. 1:13-cv-00711-ALC-GWG, filed on August 16, 2014, Dkt. 117-1 at 8.

**Litigation Costs**

21. Gaw | Poe is retained by clients using many different payment arrangements, including hourly billing, purely contingent fees, fixed fees, and combinations of these types of arrangements.

22. Clients that wish to retain the firm on an hourly billing basis are provided, and sign, a standard form fee agreement that sets forth both the hourly rates for each attorney in the firm and the type of expenses that will be charged to the client throughout the engagement. These categories include travel, computerized legal research, outside photocopying, third-party document database management, courier and messenger services, court costs, etc.

23. Okada incurred $108,132.53 in expenses litigating this matter against defendant Mark Whitehead. The following table identifies those expenses by category.

| Expenses | Amount |
|---|---:|
| Trial Consultants | $37,446.07 |
| Lodging | $22,049.02 |
| Depositions | $18,614.61 |
| Airfare | $8,016.21 |
| Court Reporter | $3,941.19 |

| Expenses | Amount |
|---|---|
| Messenger Fees | $3,905.83 |
| Translations | $3,757.67 |
| Meals | $3,097.63 |
| Copying and Printing | $2,632.61 |
| Transportation | $2,377.26 |
| Service of Process | $921.71 |
| Research | $650.00 |
| Filing Fees | $638.46 |
| Parking | $17.00 |
| **Total Expenses** | **$108,132.53** |

Attached as **Exhibit 11** are spreadsheets itemizing the expenses charged by Gaw | Poe to Okada in this matter. In general, the spreadsheets identify: (i) the date of the expense invoice; (ii) the category of expense; (iii) description of expense; and (iv) the dollar amount. Receipts for the expenses are attached and separated by a cover sheet per category. I have reviewed the claimed expenses and the supporting documentation and, in my professional judgment, the expenses charged in Gaw | Poe's invoices were necessary to the proper representation of Okada in this matter and were reasonably incurred.

24. Gaw | Poe retained Legal Media, a trial consulting and graphics firm located in Houston, Texas, to provide trial graphics and related trial consulting services in this matter. Attached hereto as **Exhibit 12** are true and correct copies of invoices from Legal Media with respect to its work on this matter. Based upon my review of the information set forth in the invoices as well as the work performed under my supervision, Legal Media's invoices are accurate and, in my professional judgment, the work performed was necessary to help substantiate the claims

asserted by Okada against Whitehead in this matter and the number of hours expended were reasonable. Similarly, the amount of costs incurred was reasonable and were necessary to the proper representation of Okada in this matter. As reflected in its invoices, Legal Media's total fees and expenses in this matter were $34,538.27. These fees and expenses have been paid to Legal Media in full.

25. Gaw | Poe retained Chopra Koonan, a jury consulting firm located in Oakland, California, to provide jury consulting services in this matter. Attached hereto as **Exhibit 13** is a true and correct copy of the invoice from Chopra Koonan with respect to its work on this matter. Based upon my review of the information set forth in the invoice as well as the work performed under Gaw | Poe's supervision, Chopra Koonan's invoice is accurate and, in my professional judgment, the work performed was necessary to help substantiate the claims asserted by Okada against Whitehead in this matter and the number of hours expended were reasonable. Similarly, the amount of costs incurred was reasonable and were necessary to the proper representation of Okada in this matter. As reflected in its invoice, Chopra Koonan's total fees and expenses in this matter were $2,907.80. These fees and expenses have been paid to Chopra Koonan in full.

26. I have reviewed the time and expenses reported by Gaw | Poe in this case that are included in this declaration, and I affirm that they are true and accurate.

**Additional Exhibits**

27. Attached as **Exhibit 14** is a true and correct copy of the Settlement Agreement between Okada and Whitehead, dated July 31, 2014, which was admitted as Trial Exhibit 5 on November 15, 2016.

28. Attached as **Exhibit 15** is a true and correct copy of an invoice from Ramos Peralta & Associates SRL, which was admitted as a Trial Exhibit 396 on November 15, 2016.

29. Attached as **Exhibit 16** is a true and correct copy of an invoice from Felix Alberto Ramos Peralta, which was admitted as a Trial Exhibit 397 on December 5, 2016.

30. Attached as **Exhibit 17** is a true and correct copy of an invoice from Dr. Raúl Reyes Vásquez and Alberto Reyes Báez, which was admitted as a Trial Exhibit 398 on December 5, 2016.

31. Attached as **Exhibit 18** is true and correct copy of an order issued on February 27, 2017, by the Honorable James V. Selna, Central District of California, in the action entitled *Trendsettah USA, Inc., et al. v. Swisher International Inc.*, No. 8:14-cv-01664-JVS-DFM, ECF No. 340.

32. Attached as **Exhibit 19** is a true and correct copy of the article entitled *Demand is Down. Why Are Billing Rates On the Rise?*, by Judie Triedman, from The American Lawyer, dated August 17, 2016, available at http://www.americanlawyer.com/printerfriendly/id=1202765367361 (last accessed April 12, 2017).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 17, 2017, at San Francisco, California.

Randolph Gaw