RANDOLPH GAW (S.B. #223718)
rgaw@gawpoe.com
MARK POE (S.B. #223714)
mpoe@gawpoe.com
VICTOR MENG (S.B. #254102)
vmeng@gawpoe.com
GAW | POE LLP
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Telephone: (415) 766-7451
Facsimile: (415) 737-0642

Attorneys for Plaintiff and Counter-
defendant Donald Okada

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| DONALD OKADA<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MARK WHITEHEAD<br><br>　　　　　Defendant. | Case No. 8:15-CV-01449-JLS (KESX)<br><br>**DECLARATION OF ENRIQUE DE MARCHENA KALUCHE IN SUPPORT OF PLAINTIFF DONALD OKADA'S MOTION FOR ATTORNEY'S FEES AND EXPENSES**<br><br>Judge:　　Hon. Josephine L. Staton<br>Courtroom:　Courtroom 10A<br>Date:　　May 26, 2017<br>Time:　　2:30 p.m. |

I, Enrique De Marchena Kaluche, declare:

1. I am the managing partner of the law firm DMK Lawyers | Central Law ("DMK") and counsel of record for plaintiff Donald Okada in the Dominican Republic. I submit this declaration in support of Okada's Motion for Attorney's Fees and Expenses in the above-captioned matter. I have personal knowledge of the matters stated herein except as otherwise stated and, if called as a witness, I could and would testify competently thereto.

2. DMK has been counsel of record for Okada in the Dominican Republic since September 2015 and has been responsible for all aspects of Okada's litigation in the Dominican Republic.

## Background and Experience

3. I have been a partner at DMK since its inception in February 1992. I received a Bachelor's of Law, cum laude, from Pedro Henriquez Ureña National University (UNPHU) in 1984, and a Master's in Business Administration at the Santo Domingo Technical Institute (INTEC) in 1990. My practice concentrates on foreign investment, corporate and business law, real estate, tourism, and government relations. I am active in our litigation department providing it with my strategic skills, knowledge, and experience of 32 years of law practice in the Dominican Republic. Attached as **Exhibit 1** is a true and correct copy of my biography found at http://www.dmklawyers.com/en/abogado/enrique-de-marchena-kaluche/.

4. I am the current Dean of The Consular Corps of the Dominican Republic (elected on April 2017), which represents more than 80 countries, Honorary Consul of Jamaica in the Dominican Republic since 1994, an active member of the Board of Directors of the Dominican Hotel & Tourism Association (ASONAHORES) since 1998, and Honorary Professor of the Hotel Administration Faculty at Central East University. I am also the former president of the Caribbean Hotel & Tourism Association (CHTA) from 2010-2012, and Chairman of the Board

of Directors to Central Law from 2012-2014. I also regularly contribute articles to the national press in the Dominican Republic.

5. I began working with Okada in relation to this and other related matters in the Dominican Republic with my partner Nelson Jáquez. For this case, I helped execute the litigation strategy developed by Okada's litigation counsel in the United States, Randolph Gaw of Gaw | Poe LLP, including consulting attorneys in the Dominican Republic, coordinating the retention of legal experts regarding issues related to real estate, contract, and labor law, and assisted with preparing the experts for deposition.

6. Nelson Jáquez joined DMK in March 2014 as an associate and became Partner in March 2016. He graduated from Pontificia Universidad Catolica Madre y Maestra (PUCMM), magna cum laude, in 2007. Mr. Jáquez concentrates his practice on litigation, alternative dispute resolution, and labor law. Attached as **Exhibit 2** is a true and correct copy of Mr. Jáquez's biography found at http://www.dmklawyers.com/en/abogado/nelson-jaquez/.

7. Mr. Jáquez worked on this case and Okada's related cases in the Dominican Republic with me. Mr. Jáquez helped select and retain the legal experts regarding issues related to real estate, contract, and labor law, assisted with drafting declarations for the legal experts, and helped execute the litigation strategy developed by Mr. Gaw.

8. DMK has been elected for nine consecutive years as one of the top six law firms in the country, and as the best law firm in the Dominican Republic for real estate by Chambers & Partners.

### DMK Billing Practices

9. It is DMK's practice to maintain contemporaneous time records setting forth the amount of time spent (rounded to the nearest one-tenth of an hour) on each task and each case, and with explanatory statements regarding the actual task involved. My usual practice, and the usual practice of the other attorneys in my

firm, is to record on daily time logs only those hours that my firm would customarily bill to a client paying on an hourly basis.

10. DMK uses billing software to track the time spent by each of its attorneys on the firm's matters. I have reviewed the records generated by this billing software to assist me in preparing this declaration. Based on those records, it is my understanding that since inception of this litigation in September 2015 through March 31, 2017, the total number of hours expended on this litigation by attorneys and paralegals at DMK has been 255.55 hours, which amounts to total fees of $78,546.25.

11. Attached as **Exhibit 3** is a summary table of the hours spent by each attorney and the legal fees charged to Okada in this matter by DMK.

12. Attached as **Exhibit 4** are true and correct copies of DMK invoices issued to Okada. The invoices contain: (1) daily time records for all attorneys detailing work performed in this action; (2) itemized expenses; and (3) documentation supporting the major itemized expenses. Portions of Exhibit 4 are being filed under seal due to the confidential nature of the attorneys' daily time records and because the invoices contain task descriptions to other matters.

13. Attached as **Exhibit 5** is a spreadsheet that details the daily hours spent by each attorney at DMK on this matter. The information contained in Exhibit 5 was derived from the DMK invoices attached as Exhibit 4. Portions of Exhibit 5 are being filed under seal due to the confidential nature of the attorneys' daily time records.

14. I have reviewed the time reported by DMK in this case that are included in this declaration, and I affirm that they are true and accurate.

### Attorney Time

15. The attorneys from DMK who principally worked on this case were me and Nelson Jáquez. The following table identifies the DMK attorneys who



assisted with representing Okada in this matter, along with their titles, their law school background, and hourly billing rates.

| Name | Title | Law School (Year) | Rate |
|---|---|---|---|
| Enrique De Marchena Kaluche | Managing Partner | Pedro Henriquez Ureña National University (UNPHU) (1984) | $350 |
| Nelson Jáquez | Partner | Pontificia Universidad Catolica Madre y Maestra (PUCMM) (2007) | $250 |
| Llilda Solano | Partner | Pontificia Universidad Católica Madre y Maestra (PUCMM) (1993) | $300 |
| Deydania Comas | Associate | Pontificia Universidad Católica Madre y Maestra (PUCMM) (2008) | $225 |
| Samir A. Mateo Coradín | Associate | Santo Domingo Independent University (UASD) (2011) | $225 |
| Fernando Abreau | Associate | Pontificia Universidad Católica Madre y Maestra (PUCMM) | $200 |

16. The rates set forth in above table are my firm's current and standard billing rates. Our rate structure has been paid to our firm by hourly-paying clients.

17. I have personal knowledge of the hourly rates charged by other attorneys with comparable experience as well as the attorneys within the firm who worked on this matter. Based on that information, I believe that these rates are fully consistent with the market rate in Santo Domingo, Dominican Republic for attorneys with comparable expertise, experience, and qualifications, and that they are comparable to rates of attorneys specializing in complex litigation around the country. Based on the information I have, I believe that the rates charged by DMK are reasonable and appropriate fees for those with comparable expertise, experience, and qualifications.



- 4 -

DECL OF ENRIQUE DE MARCHENA KALUCHE
ISO PLAINTIFF'S MOTION FOR FEES
CASE NO. 8:15-CV-01449-JLS (KESX)

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 17, 2017, at Santo Domingo, Dominican Republic.

_____
Enrique De Marchena Kaluche