UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:15-cv-01449-JLS-KESx				Date: October 12, 2017

Title: DONALD OKADA v. MARK WHITEHEAD

PRESENT:

THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

| Jazmin Dorado | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):** Order GRANTING Plaintiff's Motion to Compel Post-Judgment Discovery (Dkt. 339); Order to Show Cause.

On September 11, 2017, Plaintiff Donald Okada ("Plaintiff") filed a motion to compel post-judgment discovery (the "Motion"). (Dkt. 339.) The Court held a hearing on the Motion on October 10, 2017. (Dkt. 374.) For the reasons set forth below, the Motion is GRANTED and Defendant's counsel James Bryant is ORDERED to show cause why sanctions should not issue.

## I. PROCEDURAL BACKGROUND.

Plaintiff was awarded a judgment against Defendant Mark Whitehead ("Defendant") on June 16, 2017. (Dkt. 316.) On July 14, 2017, Plaintiff served on Defendant by email thirty-six post-judgment requests for production ("RFPs") and eighteen post-judgment interrogatories ("Interrogatories"). (Dkt. 341 [Gaw Decl.] ¶¶ 2-3; Exs. A, B.) Defendant's counsel, Mr. Bryant of the Cochran Firm, responded on that same day and acknowledged receipt of the discovery demands with an email stating "Thanks … Have a great weekend …." (Id. ¶ 4; Ex. C.)

Plaintiff did not receive timely responses to the discovery requests. On August 16, 2017, Plaintiff followed up with Mr. Bryant asking whether Defendant would provide responses. (Dkt. 341 [Gaw Decl.] ¶ 7; Ex. F at 5.) The next day, Mr. Bryant responded that he was "not aware" of the post-judgment discovery until he received the follow-up message. (Id.) He indicated that "[o]ur server went down twice, for a week period, so I definitely missed it when

the server came back online and flooded my email box. It's been very problematic." (Id.) He concluded that he would get the discovery responses "done asap." (Id.)

On August 25, 2017, Defendant through Mr. Bryant served by email responses to the RFPs and Interrogatories. (Dkt. 341 [Gaw Decl.] ¶¶ 5-6; Exs. D, E.) By that date, the 30-day deadline established by the Federal Rules of Civil Procedure had expired. Fed. R. Civ. Proc. 34(b)(2)(A); Fed. R. Civ. Proc. 33(b)(2). Nonetheless, Defendant's responses to the RFPs and Interrogatories asserted general objections. (Id., Ex. D at ¶¶ 3-5; Ex. E at 2-4.) Defendant's RFP responses also asserted specific objections to some requests (but not to others); his Interrogatory responses did not assert objections to any specific requests. (Id., Ex. D at 6-12; Ex. E at 4-6.) Although Defendant produced documents in response to the RFPs on August 29, 2017, Plaintiff contends that this production is incomplete. (Id. ¶ 10.)

Upon receipt of the responses, Plaintiff identified deficiencies and requested a meet-and-confer pursuant to Local Rule 37-1. (Dkt. 341 [Gaw Decl.] ¶¶ 7-8.) Following a scheduling exchange between counsel, Defendant ultimately failed to confirm a time for a meet-and-confer. (Id. ¶ 9; Ex. G.) Accordingly, Plaintiff brought the Motion on September 11, 2017. (Dkt. 339.)

Defendant did not file a timely opposition to the Motion. Local Rule 7-9. Instead, on October 2, 2017, the Court's chambers email address received an email from an unidentified person named Kyle Hill with eight, one-page documents attached. (See Dkt. 366.) These included a caption page of objections stating that Defendant was proceeding pro se, and was not aware of the discovery requests until Mr. Bryant forwarded them on August 22, 2017. (Id. at 1-2.) They also included an e-mail from Mr. Bryant to Defendant explaining that the Cochran Firm's email server "has been going down for long periods of time because our IT guy has been out of the country" and that Mr. Bryant was "just now receiving emails dating back as early as the beginning of July." (Id. at 2.)

On October 4, 2017, the Court advised that (1) Defendant was not allowed to file briefings pro se while Mr. Bryant remained counsel of record; (2) materials were not to be emailed directly to the Court; and (3) the Court would not accept the emailed papers in opposition to the Motion. (Dkt. 366 at 2.) Further, the Court stated that it "disbelieve[d]" any assertion that the Cochran Firm had not received the discovery requests, as Mr. Bryant had previously confirmed receipt. (Id. at 2-3.) The Court concluded that it expected that Defendant would be represented by counsel of record at the hearing on the Motion. (Id. at 3.)

The day after the Court issued its October 4, 2017 order, Defendant filed a request for approval of substitution or withdrawal of counsel requesting that Mr. Bryant be relieved and Defendant allowed to proceed pro se. (Dkt. 367.) As of the October 10, 2017 hearing on the Motion, that request had not been granted. Nonetheless, on October 6, 2017, Defendant purported to file pro se "objections" to the Motion. (Dkt. 371.) Those pro se objections reiterated that Defendant had not timely received the discovery requests and asserted that Defendant was unaware of the contents of the responses that Mr. Bryant had served. (Id. at 2.)

Because Defendant had not been granted leave to proceed pro se at the time of this untimely filing, and because Mr. Bryant remained his counsel of record, the Court considers the Motion unopposed. Local Rules 7-12; 83-2.3.1.

On October 10, 2017, the Court held a hearing on the Motion. Neither Defendant nor his counsel appeared.

## II.    RFPS.

The Court GRANTS Plaintiff's request to compel further RFP responses. Defendant did not timely respond to the RFPs, yet nonetheless asserted objections in response. This is improper. Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of objection."). Defendant is therefore ordered to serve responses to the RFPs without objections—other than on grounds of privilege—within 14 days of this order. If Defendant seeks to withhold documents specifically on the basis of the attorney-client privilege or work product doctrine, he must state so expressly in his amended responses to individual RFPs and must provide a privilege log identifying the at-issue documents within 14 days of this order. Privilege objections asserted in this manner will be deemed preserved. Failure to timely provide an adequate privilege log will result in the waiver of any privilege objection.

The Court has also reviewed the substance of Defendant's RFP responses. (Dkt. 341 [Gaw Decl.], ¶ 5; Ex. D.) In response to Plaintiff's demands, Defendant asserts one of three responses.[1] First, with respect to RFPs Nos. 1, 2, 3, 4, 5, 6, 9, 11, 13, 19, 20, 29, 30, 32, 33, and 35, Defendant responds with objections and states that he "will produce responsive, non-privileged documents that can be located after a good faith and reasonable search and with reasonable diligence." (Id., Ex. D.) Second, with respect to RFPs Nos. 7, 8, 10, 12, 14, 16, 18, 21, 22, 23, 24, 25, 26, 27, 28, Defendant invokes his general objections and replies "None," presumably indicating that no responsive documents exist. (Id.) Third, with respect to RFP Nos. 15, 17, 31 and 34, Defendant asserts objections but does not indicate whether he will comply with the requests. (Id.)

Rule 34 of the Federal Rules of Civil Procedure ("Rule 34") provides that "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. Proc. 34(b)(2)(C). Defendant's responses do not comply with this requirement, as Defendant does not explain whether documents are being withheld on the basis of the objections raised. As set forth above, Defendant has waived his objections, and must remove them from his responses with the exception of privilege objections relating to logged documents. Defendant's responses should expressly indicate which documents are being withheld on the basis of privilege.

---

[1] Defendant did not respond to RFP No. 36 and is ordered to do so.

Further, Defendant's responses to RFPs Nos. 7, 8, 10, 12, 14, 15, 16, 17, 18, 21, 22, 23, 24, 25, 26, 27, 28, 31, and 34 do not comply with Rule 34's requirement that the response "either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. Proc. 34(b)(2)(B). Defendant is ordered to provide amended responses that comply with that rule and state his intent to produce documents pursuant to the RFPs, keeping in mind that objections have been waived. If Defendant concludes that no documents responsive to a specific RFP exist, he should so state. If documents may exist, but Defendant cannot locate them, he should provide an explanation of that fact.

Lastly, Plaintiff asserts that Defendant has willfully withheld documents responsive to the RFPs. (Dkt. 339 at 9-13.) These include documents related to El Cajon Acres LLC; El Dorado Properties Ltd.; B-S Revocable Living Trust; Coffee Cake and Real Estate; Bad Ass Tennis; Republican Realty LLC; Tax Sux bank statements; personal bank statements; and judgment debtor proceedings in a matter adverse to Newmeyer & Dillion. (Id.) Plaintiff does not state specifically which RFPs it believes that these documents are responsive to. (See id.) As set forth above, however, Defendant is deemed to have waived objections to the RFPs, and must provide responses compliant with Rule 34. Concurrently with providing those responses, Defendant is ordered to produce all responsive documents in his possession, custody, and control not described on a privilege log, including responsive documents identified by Plaintiff in the Motion.

## III.    INTERROGATORIES.

The Court also GRANTS Plaintiff's request to compel further responses to the Interrogatories. With respect to two of those responses (Interrogatories Nos. 8 and 12), Defendant gave no substantive response, but stated only that he "reserves the right to supplement responses …." (Dkt. 341 [Gaw Decl.] ¶ 6; Ex. E.) Plaintiff also claims that Defendant's responses to Interrogatories Nos. 1, 4, 7, 9, 10, 11, 13, 17, and 18 are inadequate. (Dkt. 339 at 8-9; 13-16). Moreover, the Court notes that Defendant's responses lack a verification.

Rule 33 of the Federal Rules of Civil Procedure provides that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. Proc. 33(b)(3). Although Defendant purports to assert general objections to the Interrogatories, such objections have been waived by virtue of Defendant's untimely response, and must be removed. Defendant is ordered to provide complete, verified Interrogatory responses without objections within 14 days of this order. In doing so, Defendant should note that certain of the Interrogatories contain subparts that must be answered. For example, Interrogatory No. 13 asks for both (1) identification of trusts; and (2) listings of trust assets. (Dkt. 341 [Gaw Decl.] ¶ 6; Ex. B at 9.) Having waived objections, Defendant is obligated to fully respond to each part of the Interrogatories.

Plaintiff also asserts that there are specific omissions in Defendant's Interrogatory responses. The Court has reviewed the evidence submitted and the Interrogatories, and accepts Plaintiff's arguments. In providing complete amended, verified responses, Defendant is ordered to specifically address the following categories of information, without otherwise limiting his obligation to make complete responses:

- Interrogatory No. 7 – identification of the Walnut, California property (APN No. 8720-040-022) that Defendant previously testified that he owned. (Dkt. 340 [Krolikowski Decl.] ¶ 4.)

- Interrogatory No. 8 – identification of all credit and debit card accounts, including (if in existence during the relevant period) accounts at Nordstrom and Capital One.

- Interrogatory No. 9 – identification of all motor vehicles, including (if owned during the relevant period) a GMC Denali.

- Interrogatory No. 10 – identification of income from real estate brokerage commissions.

- Interrogatory No. 11 – identification of transactions through which money was received, including (if responsive) the transactions listed in the Motion's [Proposed] Order, Dkt. 339-1 at page 5.

- Interrogatory No. 12 – identification of any oil well interests.

- Interrogatory No. 13 – identification of assets of the B-S Revocable Trust.

- Interrogatory No. 17 – identification of purchased personal property with a price or appraisal value exceeding $500, including luxury merchandise items.

## IV.   ATTORNEYS' FEES.

Plaintiff seeks attorneys' fees of $2,240 in connection with the Motion. (Dkt. 339 at 16.) Rule 37 of the Federal Rules of Civil Procedure provides that, when a discovery motion is granted following an appropriate meet-and-confer effort, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," unless the non-disclosure was substantially justified or an award of expenses is unjust. Fed. R. Civ. Proc. 37(a)(5).

In this case, the Court does not find that Defendant's non-disclosure was substantially justified, or that an award of expenses would be unjust. Defendant failed to timely serve responses, thereby waiving his objections. Although Defendant now asserts that this delay resulted from a failure to receive the relevant discovery requests, the Court does not accept this excuse where Defendant's counsel acknowledged receipt of the RFPs and Interrogatories on the day they were served. (Dkt. 341 [Gaw Decl.] ¶ 4; Ex. C.) Further, Defendant's responses were inadequate insofar as they did not provide substantive answers. Moreover, Defendant refused to finalize a date for a meet-and-confer, necessitating the Motion. (Id. ¶ 9; Ex. G.) For all of these reasons, an award of expenses is appropriate.

The requested sum of $2,240, which Plaintiff's counsel declares represents 6.4 hours of billable time at a rate of $350, is reasonable based on the background of Plaintiff's counsel and the complexity of this case. (Dkt. 341 [Gaw Decl.] ¶¶ 19-20.) Accordingly, Defendant and his counsel of record the Cochran Firm are ORDERED to pay Plaintiff $2,240 within 14 days of this order.

## V.     ORDER TO SHOW CAUSE.

Finally, and independent of Plaintiff's briefing, the Court is compelled to address the conduct of Mr. Bryant, Defendant's counsel, in connection with events surrounding the Motion.

As set forth above, it appears clear from the record that Mr. Bryant received the at-issue discovery by email on July 14, 2017. (Dkt. 341 [Gaw Decl.] ¶ 4; Ex. C.) Thereafter, Defendant did not timely respond. (Id. ¶¶ 5-6; Exs. D, E.) Defendant has since submitted a pro se statement to the Court, with relevant communications attached, reflecting that Mr. Bryant did not advise Defendant of receipt of the discovery until August 22, 2017, after the expiration of the response deadline. (Dkt. 371.) Based on the e-mails attached to Defendant's pro se filing, Mr. Bryant wrote at that time in August 2017 that his firm's "email server" had been "going down for long periods of time because our IT guy has been out of the country," and stated that he was "just now receiving emails dating back as early as the beginning of July." (Id. at 4.) These statements by Mr. Bryant to his client, which imply that he did not timely receive the at-issue discovery demands, are inconsistent with Mr. Bryant's July 14, 2017 acknowledgment to Plaintiff's counsel that he had received them on that date.

The Court is also troubled by Defendant's assertion in his pro se statement regarding the Motion that Mr. Bryant responded to the discovery "without [Defendant's] knowledge or consent," such that Defendant "to this day" has "no clue what [Mr. Bryant] alleged" on his behalf. (Dkt. 341 at 2.) These issues are further compounded by Mr. Bryant's failure to meet and confer with Plaintiff's counsel regarding the discovery, and his failure to appear on his

client's behalf at the noticed October 10, 2017 hearing, despite express warning from the Court that it expected his presence. (Dkt. 366 at 3.)[2]

 Based on the facts above, the Court has serious concern that Mr. Bryant either (1) misrepresented facts to his client regarding his receipt of relevant legal demands, and failed to keep his client adequately informed regarding responses to those demands; or (2) actively worked with his client to create a false record regarding Defendant's failure to timely respond to the RFPs and Interrogatories. Neither of the two alternatives, of course, is proper. Further, Mr. Bryant's failure to appear at the hearing on the Motion, while still representing Defendant and despite warning from the Court, was likewise unacceptable.

 Accordingly, Mr. Bryant is hereby ORDERED to show cause within 7 days of this order why he and the Cochran Firm should not be sanctioned in the amount of $1,500 for the above-summarized conduct, including the failure to appear at the October 10, 2017 hearing. If counsel would like the opportunity to be heard, a hearing may be requested by contacting the Courtroom Deputy by telephone.

 Initials of Deputy Clerk JD

---

[2] While Defendant filed a request to proceed pro se on October 5, 2017 (Dkt. 367), that request had not been granted by the Motion's hearing date.